## UNITED STATES v. NEUHOFF BROS., PACKERS.

### No. 14168.

United States Court of Appeals
Fifth Circuit.

April 13, 1953.

Katherine Hardwick Johnson, Sp. Asst. to Atty. Gen., Ellis N. Slack, Acting Asst. Atty. Gen., A. Holmes Baldridge, Asst. Atty. Gen., William Cantrell, Jr., Asst. U. S. Atty., Dallas, Tex., Frank B. Potter, U. S. Atty., Ft. Worth, Tex., Edward H. Hickey, Attorneys, Department of Justice, Washington, D. C., for appellant.

Fritz Lyne, Dallas, Tex., Lyne, Wendover & Blanchette, Dallas, Tex., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and RIVES, Circuit Judges.

HUTCHESON, Chief Judge.

Brought pursuant to the Defense Production Act of 1950, 50 U.S.C.A.Appendix, 2156(b), the suit was for injunctive relief and for treble damages pursuant to Section 409(a) and (c) of the Act, 50 U.S.C.A. Appendix, § 2109(a) and (c).

The claim was that the defendant had violated the general ceiling price regulation issued and effective Jan. 26, 1951, 16 F.R. 808, by selling and delivering meat and meat products at prices not less than $53,341.27 in excess of applicable ceilings and that plaintiff was entitled to recover three times that amount or $160,023.81.

The defense was a denial of the charges made and an affirmative plea that defendant at all times fully complied with all regulations issued pursuant to the Defense Production Act.

A jury waived, the cause came on for trial before the court on the issue thus joined, and was hotly contested throughout.

Plaintiff undertook primarily to show by computations and calculations, the composite result of the work of accountants and expert advisers in connection with an examination of some 100,000 of defendant's sales invoices, that under a proper application of the requirements of Sec. 22 of the regulation to defendant's base period selling practices, defendant had four classes of base period purchasers and had made overcharges based on the ceilings established in the amount of $58,571.29.

In the alternative it insisted that if defendant had only one class of purchasers the overcharge based upon the same analysis amounted to $42,246.27.

Defendant stoutly denied that it had more than one class of base period purchasers and with equal stoutness and vigor denied

the accusation that it had made overcharges.

The evidence concluded, the district judge found as a fact that defendant had had only one class of purchasers and that the plaintiff had failed to show that defendant had made overcharges as claimed. The precise finding was: "I do not find that there is a carrying of the burden which rests upon the plaintiff to establish its case by a preponderance of the testimony, before the government is entitled to a verdict here, * * *."

While, therefore, because he found that there were some incorrect invoices, he concluded that the plaintiff should have a mandatory injunction requiring defendant to keep its records in a correct and accurate manner, and also concluded to enjoin defendant from any violations of selling prices, he found with respect to the suit for damages that the law and the facts were with the defendant and against plaintiff and that plaintiff take nothing by its suit for damages.

Appealing from the part of the judgment denying it a recovery of money damages, plaintiff's counsel are here insisting that the evidence demanded a judgment therefor and that the findings and judgment to the contrary represented "completely arbitrary action" and the judgment may not stand.

We do not think so. We think it plain that in their insistence that the district judge was compelled to accept at face value the conglomerated findings which were offered in the case as evidence, appellant's counsel are laboring under a misconception of the binding nature and effect of its proof. To sustain counsel's position that the district judge acted arbitrarily in reaching his determination, that is acted contrary to the evidence they offered, would be to hold that the district judge had no function as a trier of facts but sat merely to record and give effect to the conclusions drawn and determinations made by plaintiff's accountants, experts, and advisers, including "legal counsel", after and upon an examination of defendant's records.

At one point in his report of his findings, the witness Hair, who described himself as Acting District Accounting Executive, when asked how he had made his determinations, which it is now claimed the court must accept as conclusive evidence, gave this testimony:

"Q. Now, did you rely solely on this difference of price that you found, for setting up the four classes? A. Pardon?

"Q. Did you rely solely on those differences in prices, as you say you found, to establish these four classes? A. No, not entirely.

"Q. What else? A. After discussing with legal counsel and price specialists, and so forth, and on the basis of the price lists Mr. Paty gave me, that he said, there were four different prices."

In addition to showing that his testimony instead of being testimony to facts was testimony to his conclusions and determinations, drawn and made after collaboration with other experts including legal counsel, the record shows vagaries and inconsistencies which completely refute the claim made here that the court was compelled to accept the conclusions and determinations as irrefutable testimony.

The district judge was entitled to take into account the inherent weaknesses of this testimony as testimony, as he was also, as the trier of facts, entitled to take into account and weigh in making up his findings the positive testimony of Mr. Neuhoff contrary to the conclusions and findings of plaintiff's accountants.

Neuhoff testified positively: that instead of four classes, the company had only one class of customers; that the company never gave favorable treatment to any particular customer; that it had always worked on the theory of one price to everybody; that he, as the person "responsible for seeing that the O.P.S. regulations are complied with and for determining the price at which any particular commodity is sold", had worked closely with the officials at the O.P.S.; and that he had never authorized and, to his knowledge, there had never been any over-ceiling charges.

Instead, then, as claimed by counsel for the appellant, of a record disclosing no con-

flict in the evidence and therefore requiring and demanding a finding and judgment for the plaintiff, we think it plain that what is shown here is a record presenting not only positive and definite conflicts between findings and determinations offered as evidence by plaintiff and the testimony offered by defendant, but inherent weaknesses and defects in the findings and determinations, on which the plaintiff relies as mandatory proof entitling it as matter of law to judgment.

The record, in short, presents a typical fact case. One for the weighing by the trier, and the determination by him, of the purport and effect of the evidence, and, not, as claimed by appellant's counsel, a law case demanding a verdict for plaintiff.

We find the judgment unaffected by reversible error. It is affirmed.